IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WAYNE SUTS<br>413 Downing Drive<br>Chardon, Ohio, 44024<br><br>On behalf of himself and all<br>others similarly situated,<br><br>v.<br><br>THE LAKE VIEW CEMETARY<br>FOUNDATION<br>c/o Andrew Service Corporation,<br>Statutory Agent<br>4900 Key Tower, 127 Public Square<br>Cleveland, Ohio, 44114<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE:<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND THE OHIO MINIMUM FAIR WAGE ACT**<br><br>**(Jury Demand Endorsed Hereon)** |

Plaintiff Wayne Suts brings this action on behalf of himself and all those similarly situated against Defendant Lake View Cut Lawn & Landscape, LLC, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq* and the Ohio Minimum Fair Wage Standards Act (the "Ohio Wage Law"), O.R.C. §§ 4111.15 et seq. Suts' FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b), while the Ohio Wage Law claim is asserted individually. The following allegations are based upon information and belief, or personal knowledge as to Suts' own conduct and the conduct and acts of others.

## PARTIES

1. Suts is an adult individual residing at 413 Downing Drive, city of Chardon, county of Geauga, state of Ohio. Suts has consented in writing to be a party to this collective action pursuant to 29 U.S.C. § 216(b). A copy of Suts' consent form is attached hereto as Exhibit 1.



2. The Lake View Cemetery Foundation ("Lake View"") is an Ohio non-profit corporation which maintains its principal place of business at 12316 Euclid Avenue, city of Cleveland, state of Ohio.

3. Lake View forms a single enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

4. During all times material to this Complaint, Lake View was Suts' and members of the opt-in classes' "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and O.R.C. § 4111.03(D).

5. The putative FLSA Class, pursuant to 29 U.S.C. § 216(b), is defined in paragraph 22 of the Complaint.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction over this action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7. This Court has personal jurisdiction over Lake View because is registered to conduct business in this District, and at all times material to the allegations contained herein, it conducted substantial business in this District and had sufficient minimum contacts within this District.

8. Venue is proper in this forum pursuant to 28 U.S.C. § 1391, because at all times relevant hereto, Lake View is and always has been responsible for the acts alleged herein, a substantial portion of the practices complained of herein occurred in this District, and Lake View has received substantial compensation as a result of doing business in this District. Moreover, at all times material to the allegations contained herein, Lake View was registered to conduct business in the state of Ohio and/or conducted substantial business in the state of Ohio.



## FACTS

9. Lake View owns and operates the Lake View Cemetery located at 12316 Euclid Avenue, Cleveland, Ohio, 44106.

10. Suts is former employee of Lake View.

11. Suts was first hired by Lake View as a Memorial Advisor in or around July of 2015.

12. The Memorial Advisor position is primarily an inside sales position.

13. Memorial Advisors interview potential clients, determine their needs, and promote the products and services of Lake View.

14. Memorial Advisors must spend one to two hours a day prospecting for new business, and must complete at least two pre-need assessments a day.

15. Memorial Advisors are also required to attend all committal/funeral services in which they had sold products and/or services.

16. Memorial Advisors are also required to work nights and weekend as needed.

17. Suts and those similarly situated (Memorial Advisors) are paid a flat hourly rate along with commissions.

18. Suts and those similarly situated regularly worked on weekends, took after-hour appointments, participated in outside presentations and seminars, and performed other work at home, but were not compensated for this work. ("Off The Clock Work").

19. As a result of working their scheduled hours and performing the Off The Clock Work, Suts and those similarly situated regularly worked in excess of 40 hours per week.

20. Lake View was aware that its Memorial Advisors performed the Off The Clock Work and worked in excess of forty (40) hours per week, but provided them with "comp time" for this work instead of paying overtime, in violation of the FLSA.



## FLSA COLLECTIVE ACTION ALLEGATIONS

21. Suts restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

22. Suts brings this as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all similarly situated individuals who are part of the following class:

> All individuals employed by The Lake View Cemetery Foundation as Memorial Advisors and who were not paid for all hours worked, and/or overtime compensation at a rate of one and one half times their respective regular rates of pay for hours worked over forty (40) in a workweek at any time during three (3) years preceding the filing of this action.

These individuals are referred to as the "FLSA Class" or "FLSA Class Members."

23. Collective Action treatment of Plaintiffs' FLSA claims is appropriate because Plaintiffs and the FLSA Class have been subjected to the common business practices referenced in paragraphs 17-19 of the Complaint, *supra*, and the success of their claims depends on the resolution of common issues of law and fact, including, *inter alia*, whether Lake View's practices fail to properly compensate the FLSA Class Members for all hours worked.

## COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT

24. Suts restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

25. During all times material to this Complaint, Lake View was a covered employer under the FLSA because is and was an enterprise whose annual gross volume of sales made or business done is not less than $500,000, and because Suts and those similarly situated handled, sold, or otherwise worked or used goods or materials that have been moved in or produced for commerce, to include, markers, headstones, vases, cremation headstones, vaults, urns, flowers, and wreaths.

26. During all times material to this complaint, Suts and the FLSA Class Members were individually covered under 29 U.S.C. § 207(a)(1) of the Fair Labor Standards Act ("FLSA") because their primary job duties included placing orders for products ordered by customers and processing payments from out of state banks and credit card issuers.

The Employee's Attorney.™ 

27. During all times material to this Complaint, Plaintiffs and the FLSA Class Members were not exempt from receiving minimum wage under the FLSA because, *inter alia*, they were not "executive," "computer," "administrative," "outside sales," or "professional" employees, as those terms are defined under the FLSA. See 29 C.F.R. §§ 541.0, et seq.

28. During all times material to this Complaint, Lake View violated the FLSA with respect to the Suts and the FLSA Class Members by, *inter alia*, failing to compensate them for all hours worked or at time-and-one-half their regular rates of pay for any hours worked in excess of forty (40) hours per workweek.

29. During all times material to this complaint, Lake View knew that Suts and the FLSA Class Members are not exempt from the minimum wage and overtime obligations imposed by the FLSA. Lake View also knew that it was required to pay Suts and the FLSA Class Members at least the applicable minimum wage, plus overtime compensation at a rate of one and one-half their respective regular rates for hours worked in excess of forty (40) hours per workweek. Despite such knowledge, Lake View willfully withheld and failed to pay the minimum wage and overtime compensation to which Suts and the FLSA Class Members are entitled.

30. In violating the FLSA, Lake View acted without a good faith basis, unreasonably, willfully and recklessly in disregarding clearly applicable FLSA provisions.

31. As a direct and proximate cause of Lake View' conduct, pursuant to 29 U.S.C. § 216(b), Lake View are liable to Suts and those similarly situated for the full amount of the required minimum wage and/or overtime rate, an additional equal amount as liquidated damages as well as costs and reasonable attorney fees.

## COUNT II: VIOLATION OF THE OHIO WAGE LAW

32. Suts restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

The Employee's Attorney.™

33. The Ohio Wage Law requires that covered employees be compensated for every hour worked in a workweek. *See* O.R.C. §§ 4111.01, *et seq*.

34. The Ohio Wage Law further requires that covered employees be compensated at a rate of not less than time and one half for all hours worked in excess of 40 hours per week. See O.R.C. §§ 4111.03, *et seq*.

35. During all times material to this complaint, Lake View was a covered employer required to comply with the Ohio Wage Law's mandates.

36. During all times material to this complaint, Suts was a covered employee entitled to individual protection of Ohio Wage Law.

37. Lake View violated the Ohio Wage Law with respect to Suts by, *inter alia*, failing to compensate him for all hours worked, or to pay Suts the minimum wage.

38. In violating the Ohio Wage Law, Lake View acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio Wage Law provisions.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff Wayne Suts request judgment against Lake View and for an Order:

(a) Certifying a collective action pursuant to 29 U.S.C. § 216(b) consisting of all individuals employed by Lake View, who worked as Memorial Advisors, as described herein, and who were not paid for all hours worked, paid less than the minimum wage, and/or denied overtime, at any time during three (3) years preceding the filing of original Complaint in this matter;

(b) Awarding to Suts and the FLSA Class Members unpaid wages as to be determined at trial together with any liquidated damages allowed by FLSA;

(c) Awarding Suts and the FLSA Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;



(d) Awarding Suts and the FLSA Class Members such other and further relief as the Court deems just and proper;

(e) For a judgment against Lake View for all damage, relief, or any other recovery whatsoever.

Respectfully submitted,

 */s/ Chris P. Wido*
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, Ohio 44122
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: chris.widow@spitzlawfirm.com

*Attorney for Wayne Suts*

## JURY DEMAND

Plaintiff Wayne Suts demands a trial by jury by the maximum number of jurors permitted.

 */s/ Chris P. Wido*
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**

