## CONFIDENTIAL SETTLEMENT AND RELEASE AGREEMENT
## BETWEEN LAKE VIEW CEMETERY FOUNDATION AND WAYNE SUTS

This Confidential Settlement and Release Agreement (the "Agreement") is made and entered into by Wayne Suts ("Plaintiff") and Lake View Cemetery Foundation ("Defendant" and, collectively with Plaintiff, the "Parties").

Plaintiff filed an action styled Suts v. Lake View Cemetery Foundation, Case No. 1:17-CV-01477, in the U.S. District Court for the Northern District of Ohio (the "Lawsuit"), alleging that Defendant violated certain wage and hour laws, including the Fair Labor Standards Act and Ohio wage and hour law (Ohio Rev. Code §§ 4111.03 et seq.) (collectively, "Plaintiff's Claims"). Defendant disputes that it or any other Released Party (defined below) violated any law with respect to Plaintiff or any other employee. The Parties now desire to conclusively settle, release, and dismiss with prejudice any and all claims Plaintiff may have against Defendant or any other Released Party arising on or before the date Plaintiff executed this Agreement as set forth further below and including, but not limited to, Plaintiff's Claims in the Lawsuit.

The Parties hereby agree to the following:

**§ 1. Dismissal of the Lawsuit.** Upon the full execution of this Agreement, Plaintiff shall enter into the Joint Motion for Court Approval of Settlement and Dismissal ("Joint Motion") attached as Exhibit A, by having his attorney authorize Defendant's attorney to file the Joint Motion on both Parties' behalves. Plaintiff shall otherwise provide accurate information requested by the Court and take other lawful steps requested by Defendant in order to allow the Court to grant the Joint Motion if the Court deems such to be appropriate.

**§ 2. Settlement Payment.** Within ten (10) business days after the Court has granted the Joint Motion and otherwise dismissed the Lawsuit, Defendant will pay Plaintiff the **total sum** of three thousand dollars ($3,000.00) ("Settlement Payment"). Defendant shall issue the Settlement Payment through three separate checks, in order to reflect the fact that the Settlement Payment is being provided in order to settle Plaintiff's Claims for alleged unpaid compensation, as well as Plaintiff's Claims for alleged attorney's fees, costs, and liquidated damages. The first check shall be for the amount of Six hundred sixty-one dollars and fifty Cents ($661.50) less all applicable taxes, deductions, and withholdings, and payable via a Form W-2. The second check shall be for the amount of Six hundred sixty-one dollars and fifty Cents ($661.50) and payable via a Form 1099 with box 3 checked. The Third Check shall be payable to Sut's attorneys, the Spitz Law Firm, LLC, and shall be in the amount of One Thousand Six Hundred Seventy-Seven Dollars and no Cents ($1,677.00). Sut's attorneys shall receive a Form 1099 with box 14 checked with respect to this amount. Plaintiff shall be responsible for all tax-related obligations concerning the Settlement Payment, with respect to Defendant's obligations concerning the first check described above. Finally, within ten (10) business days after the Court has granted the Joint Motion and otherwise dismissed the Lawsuit, Defendant will provide Plaintiff with a written neutral reference that Plaintiff may disclose to prospective employers and other third parties. Further, in the event any prospective employer of Suts contacts Defendant regarding Sut's employment, Defendant will only provide Sut's dates of employment and position held.

**§ 3. Release and Waiver of All Claims by Plaintiff.** In exchange for the Settlement Payment and the other agreements herein, Plaintiff hereby agrees, on behalf of himself and his heirs, executors, administrators, attorneys, agents and assigns, to fully and conclusively release, settle, discharge, and dismiss with prejudice any and all claims, demands, or other causes of action that Plaintiff may have against Defendant or any other Released Party and which arose on or before the date Plaintiff

executed this Agreement. For the purposes of this Agreement, the Released Parties include any and all of Defendant's affiliates, sister or parent organizations, predecessors, insurers, donors, officers, attorneys, agents, employees, owners, representatives, or other affiliated individuals or entities including, but not limited to, Lake View Cemetery Association. This release includes, but is not limited to, any and all claims, demands, or other causes of action Plaintiff may have against Defendant or any other Released Party arising on or before the date of his Agreement under the Fair Labor Standards Act, any Ohio law concerning wage or other compensation matters, and any other statute, regulation, common law principle, contract, or other alleged legal obligation. Plaintiff specifically releases and waives any and all claims against Defendant or any Released Party arising under the Age Discrimination in Employment Act, as amended, on or before the date Plaintiff executed this Agreement. However, this release does not apply to those claims which cannot be released by law, to include, but not limited to claims for Worker's Compensation benefits pursuant to R.C. § 4123.80. Suts represents that he is not presently aware of any workplace injury that would entitled him to Worker's Compensation benefits.

Plaintiff represents that, as of August 17, 2017, Plaintiff has not filed or otherwise initiated nay other claim, cause of action, or other matter involving any matter released above, with the exception of the Lawsuit. Plaintiff understands and agrees that this Agreement shall moot the Lawsuit and, as such, the Lawsuit shall be dismissed in its entirety. Plaintiff agrees that he will not file, initiate, pursue, or otherwise seek to recover under, any action involving any released matter set forth above. Plaintiff further acknowledges and agrees that, upon receiving the Settlement Payment, Plaintiff will have received all wages, compensation, leave, and other benefits or similar matters that Plaintiff is entitled to receive from Defendant or any other Released Party. The Parties agree that, except to the extent Plaintiff has agreed to provide a portion of his Settlement Payment described above to his attorney, the Parties each shall be responsible solely for their own costs and attorney's fees.

The Parties acknowledge and agree that Defendant has advised Plaintiff seek independent legal advice regarding this Agreement, and Plaintiff has had an opportunity to do so. Plaintiff has received at least twenty-one (21) calendar days to consider this Agreement and, to the extent Plaintiff has executed this Agreement before then, Plaintiff has done so voluntarily. After Plaintiff has executed this Agreement, Plaintiff has seven calendar days to revoke this Agreement if Plaintiff wishes to do so. In the event Plaintiff wishes to revoke this Agreement, Plaintiff must notify Defendant's counsel, William J. Kishman, in writing and deliver that writing to Mr. Kishman at his business address via U.S. mail with confirmed delivery, in a manner that causes Mr. Kishman to receive such writing by the close of business on the seventh calendar day following the date Plaintiff executes this Agreement. If Plaintiff does not execute this Agreement, if Plaintiff revokes this Agreement as described above, if Plaintiff otherwise materially breaches this Agreement, or if the Court does not approve the settlement, Plaintiff shall not receive any part of the Settlement Payment and no part of this Agreement shall bind either Party.

§ 4.  **Confidentiality.**  Plaintiff agrees that he will not disclose the fact of the Parties' settlement, terms of this Agreement, the amounts to be paid under this Agreement, or any facts underlying or leading up to the Lawsuit to any other individuals or entities, including, but not limited to, current, former or prospective employees of Defendant or any other Released Party, or any members of the press and media and other members of the public, except to the extent required by law or a lawful court order. Notwithstanding the foregoing, this prohibition does not preclude disclosure to Plaintiff's spouse, Plaintiff's attorney, or any accountants, financial advisors, banks, or governmental taxing authorities of Plaintiff with the understanding that Plaintiff is responsible for ensuring that such individuals and entities comply with this Confidentiality provision to the same extent Plaintiff must do so. If such disclosure is sought by a request or demand for a judicial order, Plaintiff will notify Defendant as soon as possible and

no fewer than three (3) business days after receiving such request or demand, by sending a confirmed written notice to William J. Kishman, counsel for Defendant.

§ 5. **Non-Admission.** The parties understand and agree that neither the payment of the Settlement Payment to Plaintiff, nor this Agreement or any other action by Defendant or any other Released Party shall constitute an admission of any violation of any law or breach of any duty or any wrongdoing by Defendant or any other Released Party. Defendant expressly denies any wrongdoing by itself or any other Released Party, and is entering into this Agreement solely for the purpose of avoiding costs of continuing litigation with respect to Plaintiff's Claims.

§ 6. **Construction.** This Agreement shall be deemed to have been jointly drafted by the Parties and shall not be construed against any Party as a result of the identity of the drafter.

§ 7. **Miscellaneous.**

(a) This Agreement will be binding upon the Parties and will inure to the benefit of the Parties and to the heirs, administrators, representatives, executors, successors, and assigns of each of the foregoing. In the event Plaintiff materially breaches this Agreement, Defendant shall be entitled to all recourse available by law including, but not limited to, any recourse described herein.

(b) To the extent permitted by law, this Agreement will be governed by and construed in accordance with the laws of the State of Ohio. Any disputes or related matters concerning this Agreement or the matters at issue herein shall be resolved in the State of Ohio. The spirit and intent of this Agreement is to terminate with finality any and all claims of Plaintiff arising on or before the date Plaintiff executed this Agreement, whether known or unknown, and this Agreement will be interpreted in accordance with such spirit and intent.

(c) This Agreement and the attachment hereto contains the entire agreement of the Parties about the subjects in it, and it replaces all prior contemporaneous oral or written agreements, understandings, statements, representations and promises by either Party.

(d) Each provision of this Agreement is severable. Should any court, arbitrator, or other tribunal of competent jurisdiction declare any provision(s) of this Agreement invalid or unenforceable by reason of any rule of law or public policy, all other provisions hereof will remain in full force and effect.

**By signing below, the Parties acknowledge and agree that they have fully read this Agreement, that they fully understand this Agreement, that they have had an opportunity to consider and consult with an attorney regarding this Agreement, and that they are voluntarily accepting and entering into this Agreement.**

_____        9-19-17
WAYNE SUTS                                                    DATE

\* \* \* \* \*

The foregoing instrument was acknowledged before me on September 19, 2017, by Wayne Suts.

My Commission Expires:

2-09_____, 2022     Susan L. Stein
                                         Notary Public, State of Ohio

[Notary Seal: SUSAN L. STEIN - NOTARY PUBLIC - STATE OF OHIO - EXPIRES 02-09-22]

5 of 4

AGREED TO BY:

_____    _____
ON BEHALF OF LAKE VIEW CEMETERY FOUNDATION    DATE